IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIPPUR DAVID, #49850-280,<br>　　Petitioner, | §<br>§<br>§ | |
| v. | § | No. 3:23-cv-00501-E (BT) |
| | § | |
| C. RIVERS,<br>　　Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Kippur David, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition.

**Background**

David pleaded guilty pursuant to a plea agreement to count seven of a multi-count indictment charging him with possessing with the intent to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). App. 30 (ECF No. 10); *United States v. Kippur David*, Case Number EP:19-CR-00718-KC(1) (W.D. Tex.). As part of the plea agreement, David admitted that he sustained a prior conviction for "a serious drug felony" and agreed the parties would make a non-binding sentencing recommendation to the District Court under Federal Rule of Criminal Procedure 11(c)(1)(B) for a sentence of 120-150 months. App. 63. The District Court accepted the non-binding sentence recommendation

1

under Rule 11(c)(1)(B), departed below the guidelines range, determined David qualified as a career offender under United States Sentencing Guidelines § 4B1.1(b)(1), and sentenced him to 130 months' imprisonment. *Id.* at 32. The Court dismissed the other counts against him.

David appealed to the Fifth Circuit Court of Appeals. The Fifth Circuit granted the Government's opposed motion to dismiss David's direct appeal based on the appellate waiver in the plea agreement. David also filed a motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255, raising substantially the same arguments presented in the instant § 2241 petition. App. 39-58 (ECF No. 10); *see also* Am. Pet. 5 (ECF No. 5). The Court denied the § 2255 motion. App. 61-75 (ECF No. 10).

Here, David attacks the validity of his federal sentence on grounds that he received ineffective assistance of counsel when his attorney failed to object to the career offender designation, and the Court improperly designated him as a career offender. The Government responds that David's petition must be dismissed because (1) he fails to demonstrate that 28 U.S.C. § 2255(e)'s "savings clause" allows him to seek relief under § 2241, and (2) as part of his plea agreement, David waived his right to collaterally attack his plea, conviction, and sentence in a post-conviction proceeding.

## Legal Standards

A federal prisoner seeking to challenge the manner in which his sentence is executed typically files a petition for a writ of habeas corpus

2

under 28 U.S.C. § 2241. *See Warren v. Miles,* 230 F.3d 688, 694 (5th Cir. 2000). But if the prisoner seeks to collaterally attack the legality of his conviction or sentence, he will generally file a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). However, a federal prisoner may use § 2241 to challenge the legality of his conviction or sentence if he can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

*Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting 28 U.S.C. § 2255(e) (emphasis added)). A petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (citing *Wesson v. United States Penitentiary, Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002)).

The bar against filing a successive § 2255 motion does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000). The fact that a petitioner who never filed a first § 2255 motion may now be barred from doing so by the one-year statute of limitations under 28 U.S.C. § 2255(f) does not render § 2255 "inadequate or ineffective." *Loredo v. Joslin,* 2004 WL

2208124, at *1 (N.D. Tex. Oct. 1, 2004). Rather, the savings clause applies to a claim when: (i) the claim is based on a retroactively applicable Supreme Court decision which shows the petitioner may have been convicted of a nonexistent offense; and (ii) the Supreme Court decision was foreclosed by circuit law at the time the claim should have been raised at the petitioner's trial, on direct appeal, or in his first § 2255 motion. *Padilla*, 416 F.3d at 426; *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). When a petitioner fails to satisfy the savings clause, the court should dismiss the § 2241 petition for lack of jurisdiction. *See Lang v. Wilson*, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

### A. David has not shown he satisfies the savings clause.

David's claims fail under the savings clause for at least two reasons. First, the claims in David's petition relate to the validity of his sentence, not his conviction. *See* Am. Pet. 5 (ECF No. 5) (arguing he was sentenced with an "[i]mproper designation as Career Offender," and if his attorney had objected to that designation in the Presentence Report (PSR), the "court would have sustained the objection"). "[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *Melendez v. Hanson*, 810 F. App'x 370, 371 (5th Cir. 2020) (per curiam) (quoting *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011)); *see also*

*Padilla*, 416 F.3d at 426-27 (a claim the sentence was improperly enhanced under *United States v. Booker*, 543 U.S. 220 (2005), did not meet requirements of the savings clause); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (a claim the petitioner was not a career offender under the sentencing guidelines did not fall within savings clause); *Glover v. Tamez*, 426 F. App'x 342, 343 (5th Cir. 2011) (per curiam) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241"). David has therefore not demonstrated that his petition satisfies the savings clause because he may have been convicted of a nonexistent offense. *See Padilla*, 416 F.3d at 426; *see also Jeffers*, 253 F.3d at 830. The Fifth Circuit has held, "because [the petitioner] does not attack his conviction[,] and his claims challenge only the validity of his sentence, [the petitioner's] § 2241 petition does not fall within the savings clause of § 2255 and the district court properly dismissed [the petitioner's] § 2241 petition." *Padilla*, 416 F.3d at 427; *see also Williams v. Nash*, 796 F. App'x 233, 234 (5th Cir. 2020) (per curiam) ("A petitioner can attack the validity of his sentence in a § 2241 petition only if he can meet the requirements of the savings clause of 28 U.S.C. § 2255.") (citing *Jeffers*, 253 F.3d at 830).

Second, David has failed to show that his claims are based on a retroactively applicable Supreme Court decision. *See Padilla*, 416 F.3d at

5

426; *see also Jeffers*, 253 F.3d at 830. David argues that he was improperly sentenced as a career offender in view of the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016), and the Fifth Circuit's decisions in *United States v. Tanksley*, 854 F.3d 285 (5th Cir. 2017) (as supplemented on rehearing) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Am. Pet. 5 (ECF No. 5). But David has failed to demonstrate that any of these cases are retroactively applicable Supreme Court decisions. *Mathis* is a Supreme Court decision, but it is not retroactively applicable. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (suggesting *Mathis* is not retroactively applicable to cases on collateral review because it did not announce a new rule of constitutional law). And *Tanksley* and *Hinkle* are decisions from the Fifth Circuit Court of Appeals. Thus, David's arguments under *Mathis*, *Tanksley*, or *Hinkle* do not fall within the savings clause. *See Jenkins v. Harmon*, 2017 WL 6883892, at *2-3 (N.D. Tex. Dec. 5, 2017) (recommending dismissal of a § 2241 petition that relied on *Mathis*, *Tanksley*, and *Hinkle* because it failed to satisfy the savings clause), *rec. adopted*, 2018 WL 351903 (N.D. Tex. Jan. 8, 2018).

For these reasons, David has failed to demonstrate that his petition falls within the savings clause, and it should therefore be dismissed for lack of jurisdiction. *See Christopher*, 342 F.3d at 379, 385; *see also Lang*, 2018 WL 684890, at *3.

### B.     David waived the claims in his petition.

David's plea agreement included an appellate rights waiver provision. Specifically, he "knowingly and voluntarily waive[d] the right to appeal [his] sentence or to contest it in any post-conviction proceeding" in exchange for the promises made by the Government in the agreement. App. 62 (ECF No. 10); *see also* App. 63 (ECF No. 10) (discussion of the waiver provision at the Rule 11 hearing). There are only two ways David could appeal his sentence or conviction: a violation of his constitutional rights as a result of (1) his attorney providing ineffective assistance of counsel, or (2) the Government engaging in misconduct in the prosecution of his case. App. 63 (ECF No. 10).

David's claims do not fall within any reservation of rights contained in the waiver provision. And courts generally enforce a collateral review waiver provision where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The Fifth Circuit has recognized exceptions to this rule where a movant raises a claim of ineffective assistance of counsel or the sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020); *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (per curiam).

In this case, there is no indication that David's waiver was not informed and voluntary. The Fifth Circuit has held, "[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White,* 307 F.3d 336, 339 (5th Cir. 2002) (citing *United States v. Henderson,* 72 F.3d 463, 465 (5th Cir. 1995)); *see also Hatfield v. United States,* 2022 WL 17167990, at *2 (N.D. Tex. Oct. 27, 2022), *rec. adopted,* 2022 WL 17168374 (N.D. Tex. Nov. 21, 2022). David argues that he received ineffective assistance of counsel, but he fails to suggest it was provided in connection with the waiver provision in his plea agreement. Rather, David argues that his attorney provided ineffective assistance of counsel when he failed to object to David being designated as a career offender. Am. Pet. 5 (ECF No. 5). Thus, David cannot avoid the impact of his waiver by raising this ineffective assistance of counsel claim.

Moreover, as part of David's plea agreement, he admitted that he "knowingly and voluntarily" waived his right to appeal his conviction or sentence except under two very limited circumstances. App. 62, 72 (ECF No. 10); *see also* App. 63 (ECF No. 10) (discussion under oath at the Rule 11 hearing where David acknowledged that he "understood" everything discussed with regard to his plea agreement).

In sum, David waived his right to right to file this petition by pleading guilty and specifically waiving his right to collaterally attack his plea,

8

conviction, and sentence in a post-conviction proceeding. The Court should dismiss David's petition because his claims are waived.

## Conclusion

The Court should dismiss David's § 2241 petition.

December 18, 2023.

                              REBECCA RUTHERFORD
                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn, 474 U.S. 140, 150 (1985)*. Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)* (en banc).